**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PRENDA LAW, | ) |
| Plaintiff, | ) Case No. 13-cv-207-DRH-SCW |
| v. | ) Removed from the Circuit Court of |
| PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10, | ) St. Clair County, IL Case No. 13-L-75 |
| Defendants. | ) |

**AMENDED PETITION FOR REMOVAL**

Defendants, Paul Godfread and Alan Cooper (collectively, "Defendants"), by and through their counsel, file this Amended Petition for Removal to this Court of an action pending against Defendants in the Circuit Court for the Twentieth Judicial Circuit, State of Illinois, St. Clair County (the "Action") pursuant to 28 U.S.C. § 1441, based on the following grounds and pursuant to the Court's March 3, 2013 Order:

Introduction

The Plaintiff, Prenda Law, Inc. ("Plaintiff"), an Illinois corporation, filed its Complaint on February 12, 2013. The Action bears the same title and state court case number as noted above and is docketed in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. A copy of the state court file and true and correct copies of all process, pleadings, and orders served upon Defendants were filed with Defendants' Petition for Removal as required by 28 U.S.C. § 1446(a). [Doc.# 2]

Plaintiff alleges that Defendant Godfread, a citizen of the State of Minnesota and Minnesota attorney, "is a major contributor and participant in the Internet community that is the primary source of the defamatory statements described herein." The 'primary source' being "allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota." Complaint at ¶ 6. See, *Alan Cooper v. Steele*, *et al.,* Case No. 27-CV-13-3463, 4th Judicial Cir. MN,  Jan. 25, 2013), attached as Exhibit B to Defendants' Notice of Removal. [Doc #2]

Plaintiff alleges that Defendant Cooper, a citizen of the State of Minnesota and client of Defendant Godfread, "is a participant in the community of anonymous Internet posters who have defamed and committed other tortious acts against Plaintiff." Complaint at ¶ 7.

Plaintiff alleges it has been damaged in the amount "in excess of $100,000" by each Defendant. Complaint at p. 28.

### I. This Notice of Removal is Timely.

On February 12, 2013, Plaintiff filed its Complaint against Defendants. Defendant Godfread was served the same day. Defendant Cooper was served shortly thereafter.

This Notice of Removal is being filed less than a year after Plaintiff filed the Complaint and within thirty days after Defendants received a copy of the Complaint and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

### II. Diversity of Citizenship Exists Between Plaintiff and Defendants.

The Court also has original diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a), and the Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

Plaintiff is an Illinois corporation with its principal place of business in Illinois, and is therefore a citizen of Illinois for purposes of diversity.

Defendants Godfread and Cooper are citizens of the State of Minnesota, which Plaintiff acknowledges. Complaint, ¶ ¶ 6-7. Godfread and Cooper not only live in Minnesota, and also claim the State of Minnesota as their legal domicile. Both Godfread and Cooper have Minnesota driver's licenses. Godfread is registered to vote in Minnesota. (Cooper is not a registered to vote anywhere.) Godfread purchased his Minnesota home in 2002 and continues to reside in it to this day. (Cooper does not own any real estate.) Both Godfread and Cooper intend to remain in Minnesota permanently.

The citizenship of the unknown "John Does 1-10" is disregarded for the purposes of determining diversity because he or she has been sued under a fictitious name. 28 U.S.C. § 1441(a).

Thus, the parties are completely diverse and no "joined and served" Defendant is a citizen of the state of Illinois.

### III. The Amount in Controversy Exceeds $75,000.

Plaintiff alleges it has been damaged in the amount "in excess of $100,000" by each Defendant. Complaint, p. 28. Therefore the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs

### IV. Consent to Removal.

Since none of the "John Does" have yet been served in this matter, their consent to removal is not required.

### V. Notice of Removal

Defendants will promptly provide notice of the removal of this action to Plaintiff and to the Circuit Court of St. Clair County, Illinois, by filing a "Notice of Removal," together with a copy of this "Petition for Removal," in the Circuit Court of St. Clair County, Illinois, and by serving copies of the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove the Action from the Circuit Court of St. Clair County, Illinois to the Southern District of Illinois, for all purposes.

This the 11th day of March, 2013.

Respectfully submitted,

/s/ Erin Kathryn Russell
Counsel for Defendants
Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

3

/s/ Jason L. Sweet
Counsel for Defendants
Paul Godfread and Alan Cooper
*Pro Hac Vice Motion Pending*

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2013, she caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Erin Kathryn Russell