**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PRENDA LAW, INC. and<br>ALPHA LAW FIRM, LLC | ) | |
| | ) | No. 13-L-207-DRH-SCW |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | On Removal From The Circuit |
| PAUL GODFREAD,  ALAN COOPER | ) | Circuit Court of St. Clair County, |
| and JOHN DOES 1-10, | ) | Illinois, 13-L-73 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' MOTION TO REMAND THIS CASE TO THE
CIRCUIT COURT OF ST. CLAIR COUNTY, ILLINOIS**

Two defendants, Paul Godfread and Alan Cooper ("Petitioning Defendants"), filed notices of removal in connection with this matter on or about March 1 and March 11, 2013.  The initial notice, and the March 11, 2013 supplemental notice of removal, omitted the fact that Alpha Law Group ("Alpha Law"), a citizen of Minnesota, is one of the plaintiffs.  Alpha Law's citizenship destroys diversity jurisdiction, the basis upon which the Petitioning Defendants removed.  Plaintiffs respectfully request that this Court remand this case to the Circuit Court of St. Clair County because this Court lacks jurisdiction over this case.  The Court should consider awarding Plaintiffs their attorneys' fees and costs pursuant to 28 US.C. § 1447(c) for their improper attempt to remove the case to this Court.

**ARGUMENT**

There is not complete diversity of citizenship between the Plaintiffs and Defendants in this case, and contrary to the Petitioning Defendants' claims, this Court lacks jurisdiction over the case.  The Petitioning Defendants are well aware of the lack of diversity, but have and continued to act as if the Plaintiffs' Amended Complaint, in which a citizen of Minnesota joined

as a Plaintiff, does not exist.  In doing so, the Petitioning Defendants are guilty of acting in bad faith and misleading the Court.

Plaintiffs filed an amended complaint on February 21, 2013 in which Alpha Law Firm, LLC joined as a Plaintiff.  (A true and correct copy of the Amended Complaint is attached at **Exhibit "A"** hereto and made a part hereof.)  Alpha Law Firm is a limited liability company organized under the laws of the State of Minnesota.  (A true and correct of a record of the Minnesota Secretary of State for Alpha Law Firm is attached at **Exhibit "B"** hereto and made a part hereof.)  An obvious scrivener's error in the Amended Complaint states that Alpha was organized in Illinois (*see* Exhibit A at ¶6) but as shown in Exhibit B it is actually a Minnesota corporation, and a search of Illinois corporate records shows that it is not an Illinois corporation.  Furthermore, Plaintiffs correctly alleged that Alpha Law has its principal place of business in Minneapolis, Minnesota, thus properly alleging that it is a citizen of the State of Minnesota.

The Petitioning Defendants filed their Notice of Removal on or about March 1, 2013.  (ECF #1.)  But, despite the fact that their attorneys appeared in the St. Clair County case, and thus had actual or at least constructive knowledge that the Amended Complaint was on file before March 1, they premised the Notice of Removal upon the initial complaint, completely ignoring the existence of the Amended Complaint and the Plaintiff who is a citizen of Minnesota.  Upon seeing the Notice of Removal, undersigned counsel promptly contacted counsel for the Petitioning Defendants and sent a copy of the Amended complaint to her by e-mail on March 1, 2013.  (A true and correct copy of the e-mail message is attached at **Exhibit "C"** hereto and made a part hereof.)  Plaintiffs offered the Petitioning Defendants the opportunity to withdraw the Petition, but they have refused.

Instead, the Petitioning Defendants, in response to the Court's order that they properly allege diversity jurisdiction (ECF #3), filed an "Amended Petition for Removal" on or about March 11, 2013 (ECF #4.)   Despite their full knowledge by then of the Amended Complaint, the Petitioning Defendants completely ignored the existence of the Amended Complaint, and the fact that the fact of a Minnesota Plaintiff destroyed diversity jurisdiction for the Court.

The Court should remand this case back to the Circuit Court of St. Clair County, Illinois, because this Court lacks jurisdiction Federal courts are courts of limited, not general, jurisdiction. *Kokken v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  A federal court cannot proceed in a case that has no valid ground to be before the court in the first place. *Belleville Catering Co. v. Champaign Marketing Place, LLC,* 350 F.3d 691 (7th Cir. 2003).   A court must make every reasonable effort to police itself in the use of its powers.  *Wis. Knife Works v. Nat'l Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986).

As the Seventh Circuit has noted, "For almost two centuries the diversity statute has been interpreted to require 'complete' diversity of citizenship." *Howell v. Tribune Entertainment Company,* 106 F.2d 215 (7th Cir. 1997).   That means that "none of the parties on either side of the  litigation may be a citizen of a state of which a party on the other side is a citizen." *Id.; citing Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis,* 519  U.S. 61 (1996); *Fidelity & Deposit Co. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir.1983).   It is beyond any argument that, in order for the Court to exercise jurisdiction based upon diversity of citizenship, all plaintiffs must be citizens of different states than all defendants.

A corporation such as Alpha Law is a citizen of (1) the state where it is incorporated, and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c) (1).  The Seventh

Circuit has referenced the "nerve center" test, whereby the citizenship of a corporation is where it has its headquarters. *See Wis. Knife Works,* 781 F.2d at 1282.

There is no question here that the Court lacks diversity jurisdiction over this case, because, as set forth above, the following facts are irrefutable:  (1) Alpha Law is a Plaintiff; (2) Plaintiff Alpha Law is a citizen of the State of Minnesota; (3) Defendant Alan Cooper is a citizen of the State of Minnesota, and (4) Defendant Paul Godfread is a citizen of the State of Minnesota.  Citizens of Minnesota are both Plaintiffs and Defendants.  There is not complete diversity of citizenship, the only basis upon which the Petitioning Defendants moved.

Because this Court lacks subject matter jurisdiction over this case, it should remand the case back to the Circuit Court of St. Clair County for all further proceedings.  Furthermore, this Court should consider awarding Plaintiffs their fees and costs under 28 U.S.C. §1447(c) as a consequence of remanding the case to St. Clair County.  The Petitioning Defendants appeared in the St. Clair County case before removing the case.  As such, they knew, or should have known, of the existence and filing of the Amended Complaint before filing their Petition.  And even if they were unaware of the Amended Complaint, they became aware of it no later than March 1, 2013 when the undersigned provided the Petitioning Defendants with a court-stamped copy of it.

Despite that, the Petitioning Defendants have kept up the pretense that Alpha Law is not a Plaintiff.  Their March 11, 2013 jurisdictional statement, which fails to disclose Alpha Law, was very highly misleading, and omitted information about one of the parties, obviously a critical factor in any statement as to diversity jurisdiction.  Given that, Plaintiffs respectfully request that the Court consider awarding Plaintiffs their attorneys' fees and costs pursuant to 28 US.C. § 1447(c) which, among other things, provides that:  "An order remanding the case may require

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## CONCLUSION

For all of the foregoing reasons, this Court should grant this Motion; remand this case in its entirety to the Circuit Court of St. Clair County, Illinois; consider awarding Plaintiffs their costs and attorney fees; and grant any and all further relief that this Court deems to be reasonable and appropriate under the circumstances.

Respectfully submitted,

PRENDA LAW, INC.
ALPHA LAW FIRM, LLC

DATED: April 10, 2013

By:    s/ Paul A. Duffy
        Paul Duffy (Bar No. 6210496)
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Telephone: (312) 880-9160
        Facsimile: (312) 893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiffs*

By:    _____
        Kevin T. Hoerner
        Bar No. 06196686
        Becker, Paulson, Hoerner & Thompson, P.C.
        5111 West Main Street
        Belleville, IL 62226
        Telephone: (618) 235-0020
        Facsimile: (618) 235-8558
        *Attorney for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

  The undersigned hereby certifies that on April 10, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


        <u>/s/ Paul Duffy     </u>
        Paul Duffy

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C

# EXHIBIT D