IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRENDA LAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-cv-00207 |
| ) | Judge:  Stephen C. Williams |
| PAUL GODFREAD, ALAN COOPER, and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND
MOTION TO STRIKE AFFIRMATIVE DEFENSES[1]**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff, PRENDA LAW, INC., moves this Court to dismiss each count in the named defendants' (the "Defendants") Counterclaim on the simple ground that it does not contain factual allegations sufficient to show that it can be liable under any of the theories alleges.  Instead, the Counterclaim includes allegations relating primarily to a non-party individual, John Steele ("Steele"), and conclusory, but factually baseless, allegations that Prenda Law, Inc. ("Prenda") acts as the "alter ego" of Steele and various corporate entities.  Defendants appear to have simply cut-and-pasted allegations from papers filed in other litigation against Mr. Steele in a State case pending in Minnesota, failing to recognize that he is an entity different and distinct from the sole Plaintiff in this action.  Because there are not factual allegations sufficient to allege liability on the part of Plaintiff, each of the six counts in the Counterclaim fails to state a valid cause of action and should be dismissed.

---

[1] Plaintiff on April 10, 2013 filed a motion to remand this case to St. Clair County, Illinois because this Court does not have subject matter jurisdiction.  Plaintiff expressly maintains and reserves any and all challenges to the Court's continued handling of this case because it does not have jurisdiction over the case.

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff also moves this Court to strike each of the ten "affirmative defenses" filed with Defendants' answer. The first nine contain no factual allegations whatsoever, and fall far short of the standard for pleadings in Federal Courts. The tenth, purporting to be based upon the doctrine of "unclean hands," consists solely of a conspiracy theory with no specific factual allegation against Plaintiff, and the Court should strike that as well.

## FACTUAL ALLEGATIONS

Plaintiff filed this action for defamation and other claims against the Defendants in February 2013 in the Circuit Court of St. Clair County, Illinois. Defendants removed it to this Court on or about February 28, 2013. (ECF No. 1.) In a completely unrelated proceeding, one of the two named Defendants, Alan Cooper, in January 2013 filed a complaint against several entities, including Plaintiff, alleging among other things the misuse of Defendant's name; that action is pending in State court in Hennepin County, Minnesota (the "Minnesota Suit"). The other ten (10) defendants in this matter are unknown to Plaintiff in this action.

Defendants in their Counterclaim simply parrot factual allegations from the Minnesota Action. But it is devoid of facts that can give rise to liability on the part of Prenda. It instead includes nothing more allegations about the actions of others for which they seek to hold Plaintiff vicariously liable. The attempted misdirection fails, because the Counterclaim contains no *facts* to give rise to vicarious liability; only conclusions that a litigant may allege facts to support. Defendants have failed in their Counterclaim to allege a valid basis to hold Prenda vicariously liable for the actions of others. The Court should dismiss the entire Counterclaim.

## ARGUMENT

Plaintiff brings its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).  A complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, the court takes all well-pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff.  *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010).  Plaintiff's complaint must be sufficient to provide the defendant with "fair notice" of the plaintiff's claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The Supreme Court also instructs courts to examine whether the allegations in the complaint state a "plausible" claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, quoting *Twombly,* 550 U.S. at 570.  The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level."  *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services,* 536 F.3d 663, 668 (7th Cir. 2008) (emphasis in original), quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).  *Id., Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Plaintiff brings its Motion to strike the Defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or a redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f); *see, e.g., Delta Consulting Grp., Inc. v. R. Randle Constr. Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009)(striking portions of a counterclaim pursuant to Rule 12(f).)  "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and they "must set forth a 'short and plain statement' of the defense." *Heller Fin. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).  The Court should strike as meritless affirmative defenses that are "nothing but bare bones conclusory allegations." *Id.* at 1295.  If the defendant "omit[s] any short and plain statement of the facts" within an affirmative defense, it has "failed totally to allege the necessary elements of the alleged claims" and the Court should strike them.  *Id.*

### A.   Insufficient Factual Allegations Against Plaintiff

In submitting their Counterclaim here, the Defendants obviously chose the expedient of cutting-and-pasting allegations in another pleading in which Defendant Cooper is involved in Minnesota.  The problem that strategy is that Counterclaims now consists primarily of allegations directed at several entities who are not the Plaintiff.  And the Facts do not, directly or even indirectly, allege any conduct on the part of Plaintiff sufficient to state a cause of action against it. (*See* allegations of conduct by Steele (¶¶1, 3, 4, 5, 6, 7, 8, 9, 17, 18, 22, 25, 26, 27, 28, 30); allegations of conduct by corporate entities that are not parties to this action (¶¶8, 11, 14, 18, 19, 20, 22, 23, 27).  While Defendants include many allegations relating to Prenda, they are all based upon allegations about conduct of third-parties, not Prenda, which they seek to attribute vicariously to Prenda. (*See* allegations of conduct by Prenda , (¶¶22, 25, 26, 27, 28).)

But the mere desire to hold one entity vicariously liable for acts of others is insufficient to state a valid cause of action. There must be facts suggesting that Prenda should somehow be held liable for the conduct of Steele or others. Thus, while Counts IV through VI of the Counterclaim seek to hold Prenda liable under "alter ego" and other theories of vicarious liability, it lacks any factual allegations and consists only of legal conclusions which Defendants further seek to limit to their "information and belief." It is obvious that there is far more "belief" than "information" underlying Defendants' claims. But in order to hold one entity liable for another on an "alter ego" or other theories, the claimant must allege *facts*. Defendants cite only *conclusions* in each of Claims IV through VI, without any factual allegations to support them.

In Illinois, "a party seeking to disregard the corporate entity because the targeted corporation is merely the alter ego of the dominating personality 'must show that (1) there is such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances are such that adhering to the fiction of a separate corporate existence would promote *injustice or inequity.*'" *Int'l. Fin. Serv's. Corp. v. Chromas Technologies Canada, Inc.,* 356 F.3d 731 (7th Cir. 2004) (citing *Melko v. Dionisio,* 219 Ill.App.3d 1048, 580 N.E.2d 586, 594 (1991) (emphasis added). And "[u]nder Illinois law, piercing of the corporate veil on an alter ego theory is available only where failing to provide such relief would promote injustice or inequity." *Id.* While Illinois courts have identified *factors* for the courts to consider when making those determinations, the factors must be supported by *facts*

Thus, while Defendants state conclusory factors that courts may consider vicarious "alter ego" or "veil-piercing" liability in Counts IV through VI, they offer no facts to support them, just fact-free conclusions. The results fail to state a claim and reduce to absurd results. For example,

in Count IV, Defendants make allegations about a company they call AF Holdings LLC. There is no such party in this case, of course, but Defendants make many conclusory allegations against it (without any facts to support them) to the effect that it has no officers, directors or employees. Then, they seek to hold AF Holdings, LLC's "owners or members" liable for AF Holdings' conduct. But liability to whom? For what? And if AF Holdings has no personnel (as Defendants allege) why are Defendants seeking to impose liabilities upon people who do not exist?

The Counterclaim lacks the "factual matter … to `state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. 662. It cannot survive a motion to dismiss, because it falls far, far short of containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and the claims lack facial plausibility because Defendants have failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., quoting *Twombly,* 550 U.S. at 570.

Defendants have failed to allege Plaintiff did anything that can give rise to liability, which undermines each of the six counts in their Counterclaim. Thus, while in Count I they seek a declaratory judgment, it is based upon alleged conduct by Steele, non-party Paul Hansmeier, and corporate entities that are not parties here. The invasion of privacy complained of in Count II arises from alleged conduct of a non-party corporate entities. The "civil conspiracy" alleged in Count III does not identify a single act by Plaintiff. And the "alter ego" and other claims in Counts IV through VI (among many other pleading defects), as set forth above, alleges no facts at all, only legal conclusions for which Defendants can cite no facts to support.

The Counterclaim fails to adequately allege a single cause of action against Plaintiff, and the Court should dismiss it.

### B. "Affirmative Defenses" Fail.

The "affirmative defenses" the Defendants assert fall even farther short of minimum pleading requirements for a Federal litigant and are nothing more than the type of "bare bones conclusory allegations" that the Court should strike.

Rule 11 by its terms governs all pleadings, including affirmative defenses. Defendants have violated Rule 11 by filing their grossly inadequate "affirmative defenses." Indeed, Defendants made no attempt to meet minimal pleading requirements in connection with their "affirmative defenses." The first nine of Defendants' ten "affirmative defenses" are devoid of any factual allegations. Instead, they simply parrot the words of the claimed defense. For example, in Affirmative Defense 2, "Waiver," Defendant's sole allegation is that "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." The rest of the first nine "affirmative defenses" suffer from the same defect; Defendants appear to believe that the mere incantation of words of a particular doctrine or principle is a substitute for their obligation to include a short and plain statement of the facts upon which affirmative defense is premised. Each of the first nine affirmative defenses is clearly defective and the Court should strike each of them.

The Court should strike the tenth affirmative defense, "unclean hands," because, while Defendants appear to make some effort to include some (albeit incoherent) factual allegations, they do not allege a single act on the part of Plaintiff in his individual capacity. The only allegation relating to the Plaintiff --- that Defendant Cooper has filed suit against him --- involves its status as a litigant rather than any fact, and cannot support any claim; defending a frivolous lawsuit in another state does not, as Defendants seem to conclude, make the defendant

guilty of "unclean hands." They offer nothing else to factually allege "unclean hands" as an affirmative defense, and the Court should strike the tenth "affirmative defense".

## CONCLUSION

For the reasons stated in the Motion, the Court should dismiss the Counterclaim, strike each affirmative defense, and grant Plaintiff any and other relief that it deems to be reasonable and appropriate under the circumstances.

> Respectfully submitted,
>
> PRENDA LAW, INC.
>
> By:  /s/ Paul A. Duffy
>       One of Its Attorneys

Paul A. Duffy
2 N. LaSalle St., Suite 1300
Chicago, IL  60602
Telephone:  (312) 952-6136
Fax:  (312) 346-8434
E-mail:  pduffy@pduffygroup.com