Exhibit H

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS
LAW DIVISION

| | |
|---|---|
| PRENDA LAW, INC. and<br>ALPHA LAW FIRM, LLC<br><br>    Plaintiffs,<br>v.<br><br>PAUL GODFREAD, ALAN COOPER<br>and JOHN DOES 1-10,<br><br>    Defendants. | No. 13-L-75 |



FILED
ST. CLAIR COUNTY
FEB 21 2013
CIRCUIT CLERK

**PLAINTIFF'S EMERGENCY MOTION
FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

Plaintiffs, Prenda Law, Inc. and Alpha Law Firm, LLC, respectfully request that this Court grant it leave to serve limited, immediate *ex parte* discovery upon the unidentified Doe Defendants, and the third-party website owners of the sites referenced in their Amended Complaint (the "Complaint"), to determine the identities of the Doe Defendants and their co-conspirators. The court should grant this emergency motion because Plaintiffs have a demonstrable need for expedited discovery, the request is fair and *ex parte* relief is necessary given that the Doe Defendants are unidentifiable. In support of their emergency motion, Plaintiffs state as follows:

**FACTUAL BACKGROUND**

1. Plaintiffs filed this action seeking monetary damages, injunctive relief and other damages arising from the egregious Internet-based conduct of a number of individuals, whom Plaintiffs know only by the anonymous, salacious, false and libelous comments they have made, and continue to make, about them on the Internet. (*See* Complaint ("Compl.") at ¶1.)

2. Shielded by unconventional pseudonyms, the Doe Defendants belong to a community of Internet "commentators," fearful of being identified, and have falsely accused Plaintiffs of, among other things, criminal offenses; want of integrity in the discharge of employment; lack of ability in its profession; and the commission of fornication and adultery. (*Id.*)

3. Plaintiffs are unable to identify those who spoke and published those defamatory statements to third parties, because they have done so hidden behind pseudonyms and Plaintiffs has no way of learning who they are without discovery; unless the Court allows the Plaintiffs to immediately serve discovery, they may never be able to learn the identities of those who have defamed them.

4. As set forth in the Complaint, Plaintiffs have identified certain websites that the Defendants have used to publish their libelous statements. The Defendants' defamatory statements are made under the most cowardly of circumstances: plastered over centralized Internet communities and available to anyone in the world with an Internet connection. The Defendants have libeled Plaintiffs under the disguise of such childish and unsophisticated pseudonyms as "die troll die." Sheltered in a cloak of cowardly pseudonyms, Defendants have continued unabated in their conduct, falsely accusing Plaintiffs of many things with the stated intention of harming its business, harming its relationships with clients, and harming the public reputation of anyone performing work on behalf of Plaintiffs.

5. Plaintiffs believe that, unless this Court grants its order to serve subpoenas and other third-party discovery designed to learn the identities of the Doe Defendants, the information may be destroyed once the existence of their Complaint becomes known

to them. Plaintiffs expectation that the Doe Defendants will seek to destroy information that could identify them, or to take other action designed to prevent Plaintiffs from ever learning who they are, is highly reasonable given the circumstances under which the Doe Defendants have defamed and committed other torts against Plaintiffs, their use of pseudonyms and their palpable fear of being identified.

## ARGUMENT

I. **FEDERAL CABLE COMMUNICATIONS POLICY ACT REQUIRES COURT ORDER TO PROCEED.**

6. The federal Cable Communications Policy Act (47 U.S.C. § 551 (1984)) authorizes Plaintiffs to move this Court for the entry of an Order authorizing disclosure of the personally identifiable information of the information regarding those posting on the Internet sites referenced in the Complaint, to the extent that such information is available.

7. The personally identifiable information of individuals who published the statements set forth in the Complaint on the Internet sites referenced therein is highly relevant and material to this matter, and there is good cause for the Court to find that these records are discoverable. In relevant part, Section 551 of the Cable Communications Policy Act (47 U.S.C. § 551 (1984)) provides:

> *A cable operator may disclose [personally identifiable information of subscribers] if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.*

8. Plaintiffs must seek the identifying information from the cable providers for the individuals who made and published the statements set forth in the Complaint.

3

Although a subpoena is traditionally considered a "court order", Internet Service Providers traditionally seek the cover of a court-issued authorizing order prior to disclosing subscriber information so as to avoid any doubt as to their authority to disclose the subscriber information or other information regarding those who made and published the defamatory statements as set forth in the Complaint.

II. **PLAINTIFFS HAVE A COMPELLING AND IMMEDIATE NEED TO OBTAIN DISCOVERY.**

9. Illinois courts may grant a request for early discovery when, like as in the present case, the identities of the defendants are unknown to the plaintiff. *See, e.g., John Gaynor v. Burlington Northern and Santa Fe Railway*, 750 N.E.2d 307, 312 (Ill. App. Ct. 2001); *Roth v. St. Elizabeth's Hospital*, 607 N.E.2d 1356, 1361 (Ill. App. Ct. 1993) (both allowing early discovery (under Illinois Supreme Court Rule 224) for purposes of identifying otherwise anonymous Internet users).

10. Plaintiffs are seeking the "identities" of the Doe Defendants. In order for this lawsuit to proceed, Plaintiff must, and is entitled to, ascertain their names, as well as other identifying information about the Doe defendants. *See, e.g., John Gaynor*, 750 N.E.2d at 312 ("on occasion, the identification of a defendant may require more than simply a name and that, on those occasions, discovery under Rule 224 is not limited to the petitioner's ascertainment of a name only." (Citing *Beale v. EdgeMark Financial Corp.*, 664 N.E.2d 302 (Ill. App. Ct. 1996)). Plaintiffs require this additional information,[1] because sometimes an Internet subscriber and the actual user

---

[1] The account number, address, telephone number, e-mail address, and Media Access Control address of each person making statements set forth in the Complaint.

are determined to not be one and the same. Plaintiff needs all the identifying information it seeks to make this determination.

11. In short, Plaintiffs seek leave to immediately issue any and all discovery necessary to identify the Doe Defendants, while that information still exists and before the Doe Defendants can disappear to other enclaves on the Internet. Plaintiffs' only purpose is to identify the names of the people who have harmed them. There is no legal or equitable reason why Petitioner should be prohibited from seeking the Does' identities.

WHEREFORE, for all of the foregoing reasons, Plaintiffs respectfully request that this Court grant this Emergency Motion and give them leave to immediately serve discovery solely for purposes of identifying the Doe Defendants; and that it grant any and all further relief that this Court deems to be reasonable and appropriate under the circumstances.

Respectfully submitted,

PRENDA LAW, INC.
ALPHA LAW FIRM, LLC

DATED: February 21, 2013

By: _____
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiffs*

5

By: _____
Kevin T. Hoerner
Bar No. 06196686
5111 West Main Street
Belleville, IL 62226
Telephone: (618) 235-0020
Facsimile: (618) 235-8558
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The under certifies that a copy of the foregoing was served upon the following persons or attorney(s) of record of all parties to the captioned case by enclosing the same in an envelope addressed to each at the address(es) disclosed by the pleadings of record, with postage fully prepaid on this 21st day of February, 2013.

Paul Godfread
Godfread Law Firm
100 S. 5th Street, #1900
Minneapolis, MN 55402

Alan Cooper
C/O Paul Godfread
100 S. 5th Street, #1900
Minneapolis, MN 55402

*/s/ Samuels*

# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS
LAW DIVISION

PRENDA LAW, INC. and )
ALPHA LAW FIRM, LLC )
                                ) No. 13-L-75
      Plaintiffs, )
v. )
                                )
PAUL GODFREAD, ALAN COOPER )
and JOHN DOES 1-10, )
      Defendants. )

### ORDER GRANTING EMERGENCY MOTION FOR EARLY DISCOVERY
### TO IDENTIFY DOE DEFENDANTS

THIS CAUSE, having come before this Court on Plaintiffs' Emergency Motion for Leave to Take Expedited Discovery ("Emergency Motion"), and the Court having reviewed said Motion, and being otherwise duly advised in the premises, it hereby makes the following:

### FINDINGS OF FACT

1.     The Internet Protocol ("IP") addresses and identifying information relating to the Doe Defendants, and the forensic information contained on the subscribers' computers, is under imminent threat of destruction.

2.     Any delay in providing Plaintiffs with the identifying information relating to the IP address owners will cause irreparable harm to Plaintiffs.

IT IS ORDERED AND ADJUDGED as follows:

1.     The Emergency Motion is GRANTED.

2.     Plaintiffs have leave to subpoena the true name, address, telephone number, e-mail address, Media Access Control ("MAC") address from the Internet Service Provider

("ISP") for each of the John Doe Defendants ("Does") who has been assigned an IP address that Plaintiffs have associated with the statements set forth in the Amended Complaint.

3. If a subscriber files a motion to quash, dismiss or sever, the ISP shall withhold the identifying information associated with that specific subscriber, but shall not delay in providing Plaintiffs with the identifying information of any subscriber who has not filed any of these motions.

4. No ISP shall require Plaintiffs to pay a fee in advance of providing the subpoenaed information; nor shall any ISP require Plaintiffs to pay a fee for an IP address that is not controlled by the ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between an ISP and Plaintiffs regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiffs.

5. Plaintiffs may only use the information disclosed in response to a subpoena served on the ISP for the purpose of identifying the unknown Does so Plaintiffs can protect and enforce their rights as set forth in their Emergency Motion.

DONE AND ORDERED in Chambers at St. Clair County, Illinois this _____ day of _____, 2013.

_____
CIRCUIT COURT JUDGE