IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRENDA LAW, | Case No. 13-cv-00207 |
| Plaintiff | Removed from: |
| v. | The Circuit Court of St. Clair County, IL |
| PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10, | Case No. 13-L-0075 |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE AFFIRMATIVE DEFENSES**

## I. INTRODUCTION

Defendants Paul Godfread and Alan Cooper ("Defendants") respectfully submit this response in opposition to Plaintiff Prenda Law's ("Prenda" or "Plaintiff") Motion to Dismiss Counterclaims and Motion to Strike Affirmative Defenses (ECF No. 13), filed April 11, 2013. For the reasons given, Plaintiff's motions are without merit.

Plaintiff claims that Defendants have only made "bare bones conclusory" allegations in their counterclaims and affirmative defenses, and have pled no facts against the Plaintiff. Therefore, Plaintiff argues, those claims and defenses must be stricken. However, Plaintiff has not alleged that it is not on notice of Defendants' counterclaims or defenses, that it will suffer any prejudice from Defendants' counterclaims or defenses, or that Defendants cannot prove the counterclaims and affirmative defenses. At this early stage of the litigation, Defendants' counterclaims and affirmative defenses should not be stricken.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Prenda Law, Inc. is a law firm whose attorneys, John Steele, Paul Duffy and Paul Hansmeier, have developed a lucrative practice monetizing copyright infringement allegations of pornographic films. The firm is an active player in this arena and has filed numerous lawsuits, in multiple forms, under multiple aliases.

To date, Plaintiff has filed over 200 multiple defendant cases against more than 20,000 defendants, none of which have gone to trial. *See, AF Holdings, LLC v. Does 1-135,* No. 11-

cv-03336, ECF No. 43-1 (N.D. Cal. Feb. 24, 2012). The fundamental element, however, has remained the same: pay a "settlement" to make the accusations go away, or face the embarrassment and expense required to prove your innocence.

Beginning in 2011, Prenda began filing suits on behalf of several Nevis-St. Kitts entities, including AF Holdings, Ingenuity 13 and VPR. To further those goals, Prenda used the alter ego 'Alan Cooper' to conceal their ownership of the corporations and control over settlement proceeds.

**A.** *Alan Cooper v. John Steele, Prenda Law, Inc., AF Holdings, LLC, and Ingenuity13, LLC,* **No. 27-cv-13-3463 (4th Dist., Hennepin Cty., MN) (Jan. 25, 2013).**

Defendant Alan Cooper ("Cooper") was a caretaker from 2006-2012 for property John Steele ("Steele") owned in Aitkin County, Minnesota. While visiting his property, Steele, on several occasions, discussed with Cooper his plans and early successes in carrying out a massive, nationwide copyright enforcement litigation strategy. It was during one of these conversations Steele told Cooper that if he was ever contacted regarding "any of my law firm[s] or anything that has to do with me, don't answer and call me." ECF No. 15-2, p. 23. Sometime thereafter, Cooper became aware that his name was being used as an officer of AF Holdings and Ingenuity 13—clients of Prenda Law.

In mid-November 2012, to clear his name, Cooper retained Defendant Atty. Paul Godfread ("Godfread") for purposes of confirming that it was a different Alan Cooper who was the CEO of AF Holdings and Ingenuity13, and not him. What followed was two months of evasive and uncooperative behavior on the Plaintiffs' part. *See*, ECF No. 15-3; ECF No. 15-4, p. 9. In the end, Cooper was left with no choice but to file suit to resolve the issue. ECF No. 15-5.

**B. Plaintiff's Retaliatory Actions.**

Steele was served with the Defendants' complaint on January 25, 2013. ECF No. 13, p. 2. Eighteen days later—and before Plaintiff ever answered Defendants' complaint[1]—Plaintiff filed the first of its retaliatory state court defamation claims.

Plaintiff, Prenda Law, Inc., is an Illinois corporation. The firm filed its Complaint on February 12, 2013. The action bears the same title and state court case number as noted above and was docketed in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Defendants removed this action to the Southern District of Illinois on March 1, 2013, No. 13-cv-00207. *See*, ECF No. 15-7.

---

[1] Plaintiff characterizes the Minnesota action as a "frivolous lawsuit in another state". ECF No. 13, p.7. In fact, Plaintiff found it so frivolous they chose to ignore it altogether. *See*, **Exhibit A** (Motion for Default Judgment).

Paul Duffy, an Illinois citizen residing in Chicago, Illinois and "sole principal" of Prenda Law, filed his Complaint in Cook County on February 15, 2013. *See*, ECF No. 15-9, ¶ 1. The basis for his claims being "Defendants' statements regarding Prenda are also, by definition, directed at Plaintiff." *Id.* Defendants removed this action to the Northern District of Illinois on Feb. 28, 2013, No. 13-cv-1569.

John Steele filed his Complaint on February 25, 2013 in the Circuit Court for the Eleventh Judicial Circuit, Miami-Dade County, Florida. *John Steele v. Paul Godfread, Alan Cooper & John Does 1-10*, No.13-6680 CA 4, (11th Cir., Miami-Dade Cty., Fla.). Defendants removed this action to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Plaintiff Steele voluntarily dismissed this action March 6, 2013. *See*, ECF No. 15-10.

Defendants contend, and Plaintiff cannot properly dispute, that Defendants were targeted in the multiple state proceedings, including this one, because they filed the underlying Minnesota complaint. A plain reading of Plaintiff's Complaint confirms this fact.[2]

> Furthermore, Godfread has made allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota that are patently false.

ECF No. 15-7, ¶6.

> Godfread represented to Plaintiff that certain of the false and defamatory statements referenced in Paragraph 6 derived from information provided to him by Cooper.

*Id.*, ¶7.

Undeterred by its own pleadings, Plaintiff characterizes the underlying Minnesota complaint as "a completely unrelated proceeding." ECF No. 13, p. 2. But not everyone associated with the Plaintiff shares this assertion. Jacques Nazaire, Plaintiff's local counsel in Georgia, recognizes the relatedness of these unrelated proceedings.

> [A]n individual named Alan Cooper (who was Steele's former caretaker) recently testified before the U.S. District Court for the Central District of California that he was not a corporate representative of AF Holdings LLC and that the signatures on the assignment agreements were not his. … **There are several lawsuits currently pending on this issue.** *See, e.g., Cooper v. Steele et al.*, 27-cv-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013); *Prenda Law, Inc. v. Godfread et al.*, 13-cv-00207 (S.D. Ill.); *Duffy v. Godfread et al.,* 13-cv-01569 (N.D. Ill.).

---

[2] Nowhere else in the Complaint does Plaintiff attempt to identify any other instances of defamatory comments attributable to Godfread, Cooper or their complaint.

3

*AF Holdings, LLC v. Patel*, No. 12-cv-00262-WCO, ECF No. 21, p.13 fn.1 (N.D. Ga. April 20, 2013) (emphasis added). Apparently, Atty. Nazaire did not receive Plaintiff's memo to lie to the Court on this issue.[3]

### III. STANDARD OF REVIEW

**A. Standard of Review on a Motion to Dismiss Counterclaims.**

Courts apply the same legal standard of review for motions to dismiss counterclaims as they do for motions to dismiss complaints. *McLaughlin v. Chi. Transit Auth.*, 243 F. Supp. 2d 778, 779 (N.D. Ill. 2003). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the counterclaim, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Anchorbank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011). Pursuant to Rule 8(a)(2), a counterclaim must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if the counterclaim lacks "enough facts to state a claim to relief that is plausible on its face" and that "raises a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). See also, *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

A sufficient counterclaim must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, at 555; *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007). The counterclaim must "present a story that holds together." *Swanson*, at 404; *Smith v. Medical Benefit Adm'rs Group, Inc.*, 639 F.3d 277, 281 (7th Cir. 2011). These requirements ensure that a counter-defendant receives "fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In evaluating a motion to dismiss a counterclaim, a court must accept all well-pleaded allegations as true and draw all reasonable inferences in a counter-plaintiff's favor. Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). See also, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 903 (7th Cir. 2011).

---

[3] "When pressed …, the Principals offer only disinformation—even to the Court." *Ingenuity 13, LLC v. John Doe*, No. 12-cv-08333-ODW-JC, ECF No. 130, ¶ 6 (C.D. Cal. May 6, 2013) (Order Issuing Sanctions) (attached as **Exhibit B**).

Thus, a counterclaim will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, at 679 (quoting *Twombly*, at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678; *Tullis v. Dozier*, No. 12-cv-107, 2013 U.S. Dist. LEXIS 57581, *3-4 (S.D. Ill. Apr. 23, 2013)

**B. Standard of Review on a Motion to Strike Affirmative Defenses.**

Motions to strike are governed by Rule 12(f). Fed. R. Civ. P. 12(f). Such motions to strike affirmative defenses are generally disfavored because they are often employed for the sole purpose of causing delay. *Lyssenko v. Int'l Titanium Powder, LLC*, No. 07-cv-6678, 2010 U.S. Dist. LEXIS 74349, *10 (N.D. Ill. July 23, 2010).

> [M]otions pursuant to Fed. R. Civ. P. 12(f) are viewed by federal courts with healthy skepticism. Motions to strike are often considered to be dilatory, irksome or simply a device to accomplish unessential cosmetic surgery to the pleadings. For those reasons, even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381 (3d ed. 2004) ("Wright & Miller")); see also *Skube v. Williamson*, No. 12-cv-3185, 2013 U.S. Dist. LEXIS 34400, *8 (C.D. Ill. Mar. 12, 2013) (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (motions to strike are dilatory tactic)); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citations omitted).

When considering a motion to strike an affirmative defense, the Seventh Circuit applies the three part test articulated by *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982) and adopted by *Heller. Heller Financial, Inc. v. Midwhey Powder Co., Inc*, 883 F.2d 1286, 1294 (7th Cir. 1989). This test is articulated as follows:

1) the matter must be properly pleaded as an affirmative defense;

2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and

3) the matter must withstand a Rule 12(b)(6) challenge—in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.

*Bank of Am. v. Shelbourne Dev. Group, Inc.,* 732 F. Supp. 2d 809, 815 (N.D. Ill. 2010). "That being said, a defendant's pleading will be construed liberally." *FDIC v. Spangler*, No. 10-cv-4288, 2012 U.S. Dist. LEXIS 163027, *5 (N.D. Ill. Nov. 15, 2012).

In adjudicating Rule 12(f) motions to strike, courts are mindful "especially where, as here, there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011); *Heller*, at 1294; *Hydra-Stop, Inc. v. Severn Trent Envtl. Servs.,* No. 03-cv-4843, 2003 U.S. Dist. LEXIS 21769*, *17 (N.D. Ill. Dec. 3, 2003) ("[A]lthough the defense is certainly skeletal, we cannot agree that further development is necessary at this early stage. Similarly, the … affirmative defenses put Plaintiffs on at least minimal notice of the nature of the claimed defense. Accordingly, these defenses withstand the motion to strike.").

## IV. ARGUMENT

It defies credulity that Plaintiff and its counsel continue to litigate this matter, insisting that "good cause" exists to do so—while findings of fact in related proceedings show otherwise.[4] Plaintiff's motions are premised upon nothing more than chutzpah, as Plaintiff and its counsel

> "suffer from 'that quality enshrined in a man who, having killed his mother and father, throws himself on the mercy of the court because he is an orphan.' *Chutzpah* [then] amounts to a total denial of personal responsibility, that renders others speechless and incredulous."
>
> —Leo Rosten, *The Joys of Yiddish*, W.H. Allen Ltd., publ. (1968).

**A. Plaintiff's Assertion of the Fifth Amendment Precludes it from Further Litigating the Merits of Defendants' Counterclaims.**

Defendants and federal courts alike, have given Plaintiff ample opportunity to address the merits of the counterclaims Defendants raise. Unwilling to do so, Plaintiff instead has sought refuge behind the Fifth Amendment. ECF No. 15-6.

It is well-established that adverse inferences from assertion of the privilege are allowed in civil cases against the party-witness who invoked it.[5] *Laborers' Pension Fund v. Surface Dimensions,*

---

[4] See, **Exhibit B**.

[5] Despite a preponderance of judicial precedent to the contrary, John Steele insists *"*[t]he fact that people take the Fifth Amendment, against compelled testimony, is not allowed to be a negative inference." Joe Mullin, *"Look, you may hate me": 90 minutes with John Steele, porn troll,* Ars Technica (May 10, 2013). Defendants find such an assertion … highly illogical.

6

*Inc.*, No. 07-cv-3860, 2011 U.S. Dist. LEXIS 23229, *25-26 (N.D. Ill. Mar. 8, 2011); *Segretti v. State Bar of Cal.*, 15 Cal. 3d 878, 886 (1976) (attorney disciplinary proceeding "is not a criminal case for purposes of the Fifth Amendment privilege"); *FTC v. J.K. Publ'ns, Inc.*, 99 F. Supp. 2d 1176, 1197-99 (C.D. Cal. 2000) (even where parallel criminal proceedings are pending and the target is jailed for civil contempt, adverse inferences based on invocation of the Fifth Amendment can be appropriate).

The individual's status as a party or non-party to the litigation is immaterial. All that matters is whether the individual faces the remote chance of prosecution based on answers to questions "designed to elicit information about the existence of sources of potentially incriminating evidence." *United States v. Hubell*, 530 U.S. 27, 43 (2000). *Laborers' Pension Fund,* at 20. See also, *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Here, of course, Prenda is a corporation. However, Paul Duffy was its testimonial (ECF No. 15-6), and it must suffer the consequences of the witness's conduct. *Id.,* at 27.

> By asserting their right to remain silent, [Prenda's principals] forfeit[ed] their ability to submit favorable testimony rebutting [Defendants' counterclaims].

*Laborers' Pension Fund,* at 19.

### 1. Plaintiff is Estopped from Denying Counts I and II.

On May 5, 2013, the consequences of Plaintiff's concerted appropriation of Defendant Cooper's identity came to pass. *See, e.g.*, **Exhibit B**. Based on the evidence presented on the papers and through sworn testimony, the *Ingenuity 13* Court found:

> Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered law practices. Seeking easy money, they conspired to operate this enterprise and formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

*Id.,* at ¶ 1.

> The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342). The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13.

*Id.*, at ¶ 9.

### 2. Plaintiff is Estopped from Denying Counts IV, V and VI.

"Defendants make allegations about a company they call AF Holdings LLC." ECF No. 13, p. 6. Yes, Defendants do call it AF Holdings, LLC, as does the Plaintiff. However, Defendants note that the Court in California refers to it as fraud.

> Based on the papers filed and the evidence presented during the March 11, 2013 hearing, the Court concludes there is at least specific jurisdiction over [John Steele, Paul Hansmeier, Paul Duffy] because of their pecuniary interest and active, albeit clandestine participation in these cases.
>
> Further, it appears that these persons, and their related entities [including Prenda Law, AF Holdings, LLC and Ingenuity 13, LLC], may have defrauded the Court through their acts and representations in these cases.

*Ingenuity 13, LLC v. John Doe*, No. 12-cv-8333-ODW, ECF No. 86 (C.D. Cal. 2013); ECF No. 15-2, p. 16; **Exhibit A**. See also, *AF Holdings, LLC v. Does 1-20*, No. 11-cv-00491, ECF No. 9 (W.D. Ky. Jan. 29, 2012) (court status report wherein contact information given for Paul Duffy, John Steele, and Paul Hansmeier [6] identifies them as working at Prenda Law).

Nonetheless, Plaintiff is steadfast in its assertion that any attempt to impose liability upon it through the acts of its principals or that of its fictitious clients must fail as AF Holdings and Hansmeier are "non-parties" (ECF No. 13, p. 6) and Steele "is an entity different and distinct from the sole Plaintiff" (*Id*., at p. 1). Most recently, Steele stated:

> "If you, or anybody else, can ever find any evidence to support these crazy conspiracy theories—that I own Prenda Law, or I have an ownership interest in these companies—please send it to me. I can bet my bottom dollar that none of that [evidence] ever existed. It's a pretty bold claim to make. If there's anything out there, let's see it."[7]

Defendants note evidence is like the sword—those who appeal to it, shall perish by it.

### a) John Steele a/k/a Alan Cooper

In November 2010 John Steele registered and paid for several domains[8] using the alias "Alan Cooper." The address given as Alan Cooper's residence—4532 E Villa Theresa Dr., Phoenix, AZ—

---

[6] It is worth noting that Plaintiff's Motion for Remand (ECF No. 12) is premised upon Alpha Law destroying diversity. Alpha Law's sole employee just happens to be Paul Hansmeier, a principal of Prenda Law and 30(b)(6) deponent for AF Holdings. *See*, ECF No. 15-1.

[7] Joe Mullin, *"Look, you may hate me": 90 minutes with John Steele, porn troll,* Ars Technica (May 10, 2013).

[8] Two of the domains, shelostthebet.com and mygirlfriendlostabet, were also the titles of films that were the subject of suits filed on behalf of VPR and MCGIP—both clients of Prenda and both the subject of "straw plaintiff" allegations.

and the phone number, were that of Jayme Steele, sister of John Steele. Records kept by Go Daddy further show John Steele alone controlled the account. See, **Exhibit C**.

    b)  **John Steele & Paul Hansmeier a/k/a Prenda Law**

Paul Hansmeier, using his Alpha Law address, and John Steele, using Prenda's Florida address, registered and paid for several domains including two associated with Prenda Law: prendalawfirm.com, and wefightpiracy.org. Records kept by Go Daddy further show John Steele and Paul Hansmeier shared control of the accounts. See, **Exhibit D.**

    c)  **John Steele a/k/a/ Prenda Law**

John Steele, again using Prenda's Florida address registered and paid for several domains associated with Prenda Law: prendalaw,com; 6881forensics.com; and perealawfirm.com. Records kept by Go Daddy further show John Steele alone controlled the account. See, **Exhibit E.**

**B. Plaintiff's Arguments Fail as a Matter of Law.**

Even if Plaintiff's motions didn't fail as a matter of fact, they also pose the double-threat of failing as a matter of law.

    **1. Plaintiff Misstates the 12(b) Pleading Standard for Counterclaims.**

While Plaintiff may find it difficult to articulate why a particular case falls on one side or the other of *Twombly*, the overriding principle of the pleading standard is clear: notice pleading is still all that is required, and a plaintiff need "provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo*, at 1083. The Defendants' counterclaims satisfy this standard and therefore are not subject to dismissal.

Plaintiff, relying on its misunderstanding of the notice pleading standard set forth in *Twombly*, argues at length about all the facts that the counterclaims do not allege. For example, "And the Facts do not, directly or even indirectly, allege any conduct on the part of Plaintiff sufficient to state a cause of action against it." *Motion to Dismiss*, ECF No. 13, p.4. But that tactic of argument misses the mark; the focus of a motion to dismiss is on what the counterclaims say, not on what they don't say. See, *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("Any district judge … tempted to write 'this complaint is deficient because it does not contain …' should stop.") See also, *Twombly*, at 569 n.14 (rejecting any suggestion that the Supreme Court was subjecting all complaints to the

9

particularity requirements of Fed. R. Civ. P. 9); *Leimkuehler v. Am. United Life Ins. Co.*, No. 10-cv-00333, 2011 U.S. Dist. LEXIS 44490, *13-14 (S.D. Ind. Apr. 25, 2011).

By arguing to the contrary, Plaintiff seeks to impose a pleading standard that is inconsistent with notice pleading. For example, Plaintiff argues that the Defendants fail to make more than conclusory allegations with regard to "factually baseless, allegations that Prenda Law, Inc. ("Prenda") acts as the "alter ego" of Steele and various corporate entities." ECF No. 13, p.1. Notice pleading does not require such specificity in non-complex cases. As noted in *Tamayo*, the Supreme Court's "explicit praise" of what is now Fed. R. Civ. P. 11 "illustrates that conclusory statements are not barred entirely from federal pleadings." *Tamayo*, at 1084.

> The [*Twombly*] Court noted that a complaint of negligence in compliance with Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." *Bell Atlantic*, 127 S.Ct. at 1977; *see also Iqbal v. Hasty*, 490 F.3d 143, 156 (2d Cir. 2007). To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic*, 127 S.Ct. at 1977; *Iqbal*, 490 F.3d at 156. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

*Id.* at 1084-85.

The Defendants have given Plaintiff such notice in this case, and that is all that notice pleading requires of them. Accordingly, Plaintiff's motion to dismiss the counterclaims should be denied.

### 2. Plaintiff Misstates the 12(f) Pleading Standard for Affirmative Defenses.

Plaintiff moves to strike all of Defendants' ten affirmative defenses to Plaintiff's defamation complaint. Pursuant to Rule 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's primary argument is that Defendants have failed to plead sufficient facts to make the affirmative defenses plausible.

Affirmative defenses will be stricken "only when they are insufficient on the face of the pleadings." Fed. R. Civ. P. 12(f); *Heller,* at 1294. Despite what Plaintiff asserts, *Twombly* did not change the pleading standards for affirmative defenses. 550 U.S. 544 (2007); see *Davis v. Ind. State Police*, 541 F.3d 760, 763-64 (7th Cir. 2008) (noting that "the Justices did not revise the allocation of

burdens concerning affirmative defenses; neither *Erickson* nor [*Twombly*] mentions affirmative defenses in general").

Plaintiff argues that affirmative defenses, like claims in complaints, must include enough factual allegations to make them plausible. Yet Plaintiff has not cited a single Seventh Circuit case that extends *Twombly* and *Iqbal* to affirmative defenses. "This Court has, on several occasions, considered whether to extend the pleading requirements of *Twombly* and *Iqbal* to affirmative defenses and has declined to do so." *Creation Supply, Inc. v. Alpha Art Materials Co., Ltd.*, No. 12-cv-5456, 2013 U.S. Dist. LEXIS 19881, *2 (N.D. Ill. Feb. 13, 2013) (citing *LaPorte v. Bureau Veritas North America Inc.,* No. 12-cv-9543, 2013 U.S. Dist. LEXIS 9378 (N.D. Ill. Jan. 18, 2013); *Leon v. Jacobson Transportation Co., Inc.,* No. 10-cv-4939, 2010 U.S. Dist. LEXIS 123106 (N.D. Ill. Nov. 19, 2010)).

The *Heller* case cited by Plaintiff is of no support to its position either.[9] In this Circuit, the law is still the three part test in *Bobbitt* that was adopted by *Heller*, and until the Supreme Court or Seventh Circuit say otherwise, a Court may strike an affirmative defense only "if it is impossible for defendants to prove a set of facts in support of the affirmative defense." *Bank of Am.*, 732 F.Supp.2d at 815; *Davis v. Elite Mortg. Servs*., 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009); *Persis Int'l, Inc. v. Burgett, Inc*., No. 09-cv-7451, 2011 U.S. Dist. LEXIS 105713, *6 (N.D. Ill. Sept. 19, 2011). Defendants' affirmative defenses meet the requirements of the correct pleading standards in this Circuit. The *Heller* decision does not stand for Plaintiff's position that defenses such as the ones pled by Defendants, should be stricken if they do not include extremely detailed facts.

> "First, the driving force behind *Twombly* and *Iqbal* was to make it more difficult to use a bare-bones complaint to open the gates to expensive discovery and force an extortionate settlement. The point was to reduce nuisance suits filed solely to obtain a nuisance settlement. The Court, though, has never once lost sleep worrying about defendants filing nuisance affirmative defenses and considers the risk that defendants would file nuisance defenses sufficiently small so as not to warrant extending *Twombly* and *Iqbal.*
>
> Second, a plaintiff has the length of the statute of limitations to investigate claims and ensure that it has sufficient facts to state a plausible claim. A defendant, on the other hand, has only twenty days to file an answer.
>
> Third, the Court would like to avoid having to rule on multiple motions to amend the answer during the course of discovery as the defendant obtains additional information

---

[9] In *Heller,* the Seventh Circuit overturned a sanctions decision based on the striking of the defendant's affirmative defenses, and actually analyzed the merit of the defendant's defenses.

11

that would support those affirmative defenses (such as mitigation of damages) that defendant has no practical way of investigating before discovery.

The Court would also like to avoid the discovery disputes that would inevitably develop as a defendant seeks discovery related to affirmative defenses it had not stated in its answer. It is to everyone's benefit to have defendant plead its affirmative defenses early, even if defendant does not have detailed facts. Thus, the Court will not strike any affirmative defenses for not having enough detail or for being speculative."

*Jacobson Transp.*, at *3-4.

"The primary reason that this Court will not require defendants to plead affirmative defenses with enough facts to make them plausible is that the language of the rule that sets the standard for pleading *claims* is different from the language of the rule that sets the standard for pleading *affirmative defenses*. Rule 8(a)(2), which applies to claims, states that "a claim for relief must contain: … (2) a short and plain statement of the claim *showing that the pleading is entitled to relief*." Fed. R. Civ. P. 8(a)(2*)* (emphasis added). The Supreme Court relied on that italicized language when it decided *Bell Atlantic. Bell Atlantic*, at 555 (2007) ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'").

The rule for pleading affirmative defenses, on the other hand, does not require a "showing that the pleader is entitled to relief." Instead, the Federal Rules of Civil Procedure states that the answering party "must: (A) state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8(b)(1)(A) contains no requirement that the pleader show that its affirmative defenses have merit. The rule requires merely a short and plain statement of what the affirmative defense is."

*George LaPorte v. Bureau Veritas North America Inc.*, No. 12-cv-9543, 2013 U.S. Dist. LEXIS 9378, *4-5 (N.D. Ill. Jan. 18, 2013); *Phillip Crosby v. Cooper B-Line Inc.*, No. 11-cv-305, 2011 U.S. Dist. LEXIS 132008 (S.D. Ill. Nov. 16, 2011). In this case, Defendants' affirmative defenses do just that.

## V. CONCLUSION

Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies.

**Exhibit B**, ¶ 11.

Plaintiff's motions, like its law practice, are premised upon fraud and accordingly, must fail.

Respectfully submitted,
/s/ Jason E. Sweet
Counsel for Defendants
Paul Godfread and Alan Cooper
*Admitted Pro Hac Vice*

Booth Sweet LLP

32R Essex Street<br>
Cambridge, MA 02139<br>
T: (617) 250-8619<br>
F: (617) 250-8883<br>
jsweet@boothsweet.com<br>
BBO # 668596

/s/ Erin Kathryn Russell
Counsel for Defendants
Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on May 10, 2013, she caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Jason E. Sweet

13